UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE ANTHONY SHOLES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>B. GATES, WARDEN,<br><br>　　　　　Respondent. | Case No.  1:21-cv-01006-DAD-HBK<br><br>ORDER DENYING PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(Doc. No. 18) |

　　　　Petitioner Tyrone Anthony Sholes, a state prisoner, initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. No. 1).  Respondent moved to dismiss the petition.  (Doc. No. 14).  Incorporated in Petitioner's opposition to Respondent's motion to dismiss is a motion for the appointment of counsel.  (Doc. No. 18 at 5-6).  In his motion, Petitioner states that he is indigent and does not understand the complexities of the law.  (*Id.*).  For the reasons stated below, the Court will deny Petitioner's motion.

　　　　There is no automatic, constitutional right to counsel in federal habeas proceedings.  *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958).  The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this Court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require."  *Id*. at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  Moreover, the Rules Governing Section 2254 Cases

in the United States District Courts require the court to appoint counsel: (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted. *Id*. at Rs. 6(a) and 8(c).

Here, Petitioner was able to file his habeas petition without the aid of counsel, and the Court finds that the claims raised therein do not appear to be complex.  Further, the Court does not find the circumstances of this case indicate that appointed counsel is necessary to prevent due process violations.  Based upon the record, the Court finds petitioner has not demonstrated that appointment of counsel is necessary at this stage of the proceedings.  Provided Petitioner meets the criteria set forth in 18 U.S.C. § 3006A, the Court will consider appointing counsel to represent Petitioner if the Court later finds good cause to permit discovery or if the court decides that an evidentiary hearing is warranted in this matter.  The Court otherwise will consider Petitioner's opposition in evaluating Respondent's motion to dismiss.

Accordingly, it is ORDERED:

Petitioner's motion for appointment of counsel incorporated in his opposition (Doc. No. 18 at 5-6) is **DENIED without prejudice**.

Dated:   October 8, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE