UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE ANTHONY SHOLES,<br><br>Petitioner,<br><br>v.<br><br>B. CATES, Warden,<br><br>Respondent. | No.  1:21-cv-01006-ADA-HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING MOTION TO STAY AND HOLD PETITION IN ABEYANCE, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 14, 21) |

Petitioner Tyrone Anthony Shoes is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 29, 2021, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss be granted and the petition for writ of habeas corpus be dismissed as untimely and for failure to state a cognizable claim. (Doc. No. 21.)  Those findings and recommendations were served on petitioner and contained notice that any objections were to be filed within fourteen (14) days of service.  (*Id.*)  On

1

December 15, 2021, petitioner filed a "motion for stay and abeyance and leave to amend the petition," which the court construed as timely filed objections to the findings and recommendations. (Doc. No. 22.) On December 29, 2021, respondent filed a reply to petitioner's objections. (Doc. No. 24.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a de novo review of the case. Having carefully reviewed the entire file, including petitioner's objections and respondent's reply, the court holds the findings and recommendations to be supported by the record and proper analysis. Additionally, the court finds respondent's reply to petitioner's objections persuasive and denies petitioner's request to stay and hold the petition in abeyance to allow petitioner time to exhaust state law claims. Granting a stay and abeyance is not appropriate when a petitioner's unexhausted claims would be meritless. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). As the magistrate judge concluded, AEDPA's statute of limitations presents a procedural bar to this petition. (Doc. 21 at 4–10.) Any claims related to this petition that petitioner seeks to exhaust in state court would, once exhausted, also be time barred and, therefore, meritless.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

///

Accordingly,

1. The findings and recommendations issued on November 29, 2021 (Doc. No. 21) are adopted in full;
2. Petitioner's motion to stay and hold in abeyance the petition (Doc. No. 22) is denied
3. Respondent's motion to dismiss (Doc. No. 14) is granted;
4. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;
5. The court declines to issue a certificate of appealability; and
6. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: September 2, 2022

UNITED STATES DISTRICT JUDGE